B. Verlinden, Appellee, v. City of Sioux City, Appellant.

No. 39646.

June 24, 1929.

*Henry C. Shull* and *Thomas J. Griffin,* for appellant.

*L. B. Forsling,* for appellee.

Evans, J.—I. What we have said in *Nelson v. City of Sioux City,* 208 Iowa 709, concerning the plea of estoppel is applicable in this case also. Without repeating the discussion, we hold that the plea is not good.

II. It remains to consider the evidence of value of plain-

tiff's tract. The only complaint made of excessive assessment is that it exceeded 25 per cent of the value of plaintiff's property. The testimony was directed solely to the question of such value. The case was submitted upon the testimony of the same witnesses as were used in the *Nelson* case. The witnesses for the plaintiff testified to the value of his tract at from $475 to $500 per acre. The plaintiff himself testified that he would take "$500 an acre for it, if I could sell it today." The witnesses for the defendant fixed the value of it at $1,000 per acre. The court adopted a valuation of $3,000, and fixed the assessment at 25 per cent of such amount. The plaintiff's tract is situated within four blocks of the street-car line, and has a frontage upon the paved street of 40 rods, with a depth of 20 rods. It is virtually all within the assessable area, and the case was tried upon that theory. As in the *Nelson* case, so in this case, we regard the testimony of plaintiff's two witnesses as quite unsatisfactory. One of them had only two years of experience in Sioux City real estate. The testimony of the other indicated that he was not familiar with the value of property in this locality. Each of them assumed that it was located eight or ten blocks distant from the car line, whereas in fact it was within four blocks of said line. The plaintiff paid for this property, when he acquired it, the sum of $1,500. It was presumptively benefited to the amount of the assessment, $1,762. The plaintiff listed it with a real estate agent, and caused signs to be posted thereon, offering portions of it for $1,150 and $1,350 per acre, respectively. All the witnesses on both sides estimated its acreage value as being higher than that of the Nelson property. The court found its valuation to be higher than that of the Nelson property. Upon the testimony of the same witnesses, we fixed the value of the Nelson property at $800 an acre. We think that this should be a minimum valuation for the property of this plaintiff. We think its valuation should be fixed at $4,000, and that the assessment should be limited to 25 per cent of such value.

The judgment of the district court is, accordingly, modified and affirmed. The costs in this court will be apportioned equally. —*Modified and affirmed.*

ALBERT, C. J., and KINDIG, WAGNER, and GRIMM, JJ., concur.