MARTIN NELSON, Appellee, v. CITY OF SIOUX CITY, Appellant.

No. 39647.

JUNE 24, 1929.

*Henry C. Shull* and *Thomas J. Griffin,* for appellant.

*L. B. Forsling,* for appellee.

EVANS, J.—I. Though this proceeding purports to be a suit in equity, it appears to have no other objective than to

challenge the legality and the amount of a paving assessment against the plaintiff's property. The plaintiff  was the owner of a tract of land comprising 2.27 acres, lying on the west side of Maple Street in Sioux City. Pavement of this street was duly ordered and accomplished by the city council. The cost thereof purported to be distributed according to benefits. The complaint of the plaintiff was, and is, that the assessment of $881.04 upon his property was excessive, and was in excess of 25 per cent of the value of the property. The defendant answered with a general denial, and also with a plea of estoppel. By way of estoppel, it was averred by the city that the plaintiff and other property owners had petitioned for the paving, and in such petition had expressly agreed that the cost thereof should be assessed ratably upon the adjoining property, and in disregard of the statutory limitation of 25 per cent of the value. The plaintiff has not contested the proportionate equality of the assessment, as between the benefited property owners. On the question of excess in the assessment, his testimony was confined to a showing that the assessment exceeded 25 per cent of the value. He also denied the estoppel, and avoided the same by showing that his petition for the improvement was not accepted or acted upon by the city council. On the contrary, said council incorporated in its resolution a statement that it was adopted upon the motion of the city council itself.

The record discloses that certain property owners on Maple Street did present a petition to the city council, asking for the improvement, and that this petition did contain the certain waivers pleaded by the city. The city council, however, made no record of said petition, nor did it take any record action pertaining thereto. Under Section 5999, Code of 1927, it was required that "the record shall show whether the improvement was petitioned for or made on motion of the council." The record made by the city council was that the improvement was ordered on the motion of the council, and "without petition of the property owners." The question raised by the plea of estoppel is clearly ruled adversely to the city by our ruling in *Bailey v. City of Des Moines*, 158 Iowa 747. In that case, a petition of property owners with waivers was presented, as here. But the record made was that the improvement was adopted upon the motion of the

city council. It was held that this amounted to a rejection of the petition, and that the city could not, therefore, plead an estoppel upon an offer which it had rejected; nor could the city impeach its own record by offering proof that it did order the improvement pursuant to the petition, notwithstanding its record to the contrary.

It is now urged by the defendant city that the rule adopted in the *Bailey* case is an unreasonable one. If that be so, it is because the statute is unreasonable and unduly technical. The holding was definite, and served to bring to the attention of the city council, for its guidance in the present case, the provisions of the statute in that regard.

It is also urged by the appellant city that the statute is not identical at the present time with what it was when the *Bailey* case was decided. The changes made in the statute have no relation whatever to the particular question under consideration at this point.

It may be added that the record herein does not show that the petition pleaded as an estoppel contained the signatures of a majority of the property owners affected. It fails, therefore, to show that the city council could have acted upon the petition and by a bare majority vote.

We hold, therefore, that the plea of estoppel was not good.

II. It remains to consider whether the district court was justified, upon the record, in reducing the assessment to the extent which it did. The particular issue to which evidence was  directed at this point was the reasonable value of the property. No contention was made by plaintiff that his benefits were not equal to 25 per cent of the value of his property. What was the fair market value of the property? This was the sole question to which evidence was directed. The witnesses for the plaintiff estimated the value at from $400 to $425 per acre. The city called the three members of the Appraisal Committee of the Real Estate Board of Sioux City, each of whom testified that the value of the property was $1,800. The district court adopted a valuation of about $425 an acre, and fixed the assessment at 25 per cent thereof. Upon a careful reading of the record, we find ourselves unable to agree with the estimated value reached by the district court. This estimated value was only

slightly in excess of its last assessed value, as fixed in 1927. This was $780. Such assessed value was fixed before the improvement was made. Such improvement was made in the summer of 1927, and the paving assessment was made in October or November. We cannot overlook the generally known fact that the assessable value, as fixed by the assessor, was probably very conservative. Though the statute makes such assessed value prima-facie evidence of actual value, it is, nevertheless, a matter of common knowledge, which comes frequently under judicial observation, that actual market values are usually greatly in excess of assessed values. We are satisfied also from a reading of the evidence that the judgment of the appraisal committee of the real estate board was more intelligent and accurate than that of plaintiff's witnesses. The fact that the paving had been constructed, added to the value of the property after the assessed value had been fixed. The 25 per cent limitation applies to the value of the property as it is when the levy is made, and after the improvement has been constructed. It further appears that, after the improvement, and before the trial in the district court, the plaintiff had sold his property for a purported consideration of $3,000. The down payment of this consideration was taken in the form of other property, the value of which might be debatable. But the balance of the purchase price was represented by a note and mortgage for $2,000, which plaintiff held at the time of the trial. True, the plaintiff may not ultimately realize the full amount of his mortgage, but even with this uncertainty, the amount bargained for by him makes the valuation fixed by the court appear unreasonably low. We are of the opinion that the valuation fixed by the real estate board was approximately a correct valuation, and, under all the facts in the record, should have been adopted. It is our conclusion, therefore, that the assessment of plaintiff's property should be reduced to 25 per cent of $1,800. Such will be the order. The costs in this court will be apportioned equally. —*Modified and affirmed.*

ALBERT, C. J., and KINDIG, WAGNER, and GRIMM, JJ., concur.